IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AQUAN J. HILTON,                          )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )    C.A. No. 25-1547-CFC-LDH
                                          )                          FILED
LYNN GIBSON et al.,                       )
                                          )
                    Defendants.           )            JUL 2 9 2026
                                          )

U.S. DISTRICT COURT DISTRICT OF DELAWARE

## SERVICE ORDER AND REPORT AND RECOMMENDATION

Plaintiff Aquan J. Hilton, an inmate at Howard R. Young Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7). The Court now screens the Complaint under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).

For the reasons set forth below, the Orders that service proceed as to Officer Gibson on Plaintiff's disciplinary hearing Due Process claim and First Amendment Retaliation claim. The Court recommends that the Plaintiffs personal property claims and classification claims be dismissed with prejudice. The Court further recommends that the remaining claims and defendants be dismissed without prejudice.

## I.    BACKGROUND

On September 1, 2025, Plaintiff received a disciplinary report and was charged with substance abuse and promoting prison contraband. (D.I. 1 at 5). The charges arose out of camera footage showing an item being dropped from one of the inmate's pants. (*Id.*) Plaintiff and another offender were questioned, and each denied ownership of the item. (*Id.*). As a result of the investigation, Plaintiff was removed from a working where he earned good time and a salary, and

1

moved to a different housing location. (*Id.*). On September 15, 2025, Plaintiff was found guilty of substance abuse and promoting prison contraband. (*Id.*) Defendant Gibson presided over the hearing and, when Plaintiff asked to see the evidence used against him, he allegedly told Plaintiff "we are not doing all that." (*Id.*). Defendant Gibson allegedly further told Plaintiff that if he appealed, she would make sure he received the "maximum penalty" and "go to hole." (*Id.* at 6). She allegedly further told Plaintiff "just accept what's currently being given." (*Id.* at 6). Plaintiff appealed. (*Id.*). He indicated that, as a result of the appeal, he was moved to "the hole." (*Id.*).

Plaintiff also describes loss of property that occurred during the housing transfers. (*Id.*). Plaintiff's television was confiscated in a "shake-down" authorized by Defendant Lt. Stuart. (*Id.* at 6). When Plaintiff repeatedly requested that the television be returned or replaced, he was allegedly told to "take [the] loss like a man." (*Id.*). Further, during a transfer on October 1, 2025, Plaintiff claims that many of his personal items went missing, including his headphones and water bottles. (*Id.*). Despite repeated requests to reclaim his property, Plaintiff never received the missing items. (*Id.*).

Plaintiff alleges that the property loss and disciplinary hearing violated his constitutional rights under the First, Eighth and Fourteenth Amendments, and he is suing Defendants Gibson, Stuart and Wells based on their involvement in the events, as well as Deputy Warden Hollingsworth, Warden Parker, and Bureau Chief Robert May. (*See generally* D.I. 1). Plaintiff seeks monetary damages and various forms of injunctive relief. (*Id.* 8-9).

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give

3

rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

### A.    Warden Parker, Deputy Warden Hollingsworth, and Bureau Chief Robert May

Plaintiff alleges that he sent his disciplinary appeal to Deputy Warden Hollingsworth and Warden Parker. (D.I. 1 at 6). Bureau Chief Robert May is named as a defendant but there are no allegations against him in the Complaint. Plaintiff does not allege that Parker or Hollingsworth were personally involved in any of the incidents upon which Plaintiff seeks relief. A "defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003) (internal quotation mark omitted); *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("[A] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."). As pled, Plaintiff has not alleged personal involvement to state any cognizable claim against Parker, Hollingsworth, or May under any of the identified authority. *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (liability under § 1983 must be based on personal involvement, not respondeat superior); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (personal involvement may be "shown through allegations of personal direction or of actual knowledge and

4

acquiescence"). The Court recommends that these defendants be dismissed without prejudice pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### B.     Due Process Claims

Plaintiff alleges that he was wrongfully transferred after the disciplinary report and that this resulted in a less desirable housing location and an inability to continue his prison job. (D.I. 1 at 5). With regard to his classification, it is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level, security classification, or a place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Traditionally, prisoners also do not have a constitutional liberty or property interest in a prison job assignment or a particular place of confinement. *See Meachum v. Fano*, 427 U.S. 215, 228-29 (1976); *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989).

To the extent that Plaintiff claims that his disciplinary hearing and appeal were constitutionally deficient because he was not provided with notice of the charge and the evidence relied upon, Plaintiff has sufficiently stated a claim at this stage. *See Shivers v. Hollingsworth*, No. 22-603-RGA, 2023 WL 4265611 at *3 (D. Del. June 29, 2023) (describing that a prison disciplinary hearing satisfies the Due Process Clause when it, among other things, provides "a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action") *citing Wolff v. McDonnell*, 481 U.S. 539 (1976)). Plaintiff contends that this did not occur. Here, he states a claim.

### C.     First Amendment Retaliation

Plaintiff asserts that hearing officer Gibson stated that if Plaintiff were to appeal the disciplinary decision, she would make sure he received the maximum penalty and be sent to "the

hole." (D.I. 1 at 6).   A prisoner alleging retaliation must show that: "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor" in the officials' decisions. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (*citing Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001)). The causation element requires a plaintiff to prove either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory conduct, or (2) a pattern of antagonism coupled with timing to establish a causal link. *Id.* (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)).   Here, Plaintiff states a claim.  Plaintiff alleges that Gibson threatened him with "the hole" if he appealed, that he appealed, and that he was put in "the hole."  At this stage, that is enough.

### D.    Personal Property

Liberally construed, Plaintiff alleges violation of his right to Due Process when, as a result of his transfer in late September 2025 and subsequent transfer on October 1, 2025, his television was confiscated, and his headphones and water bottles went missing.  The Court construes these claims as violations of Due Process.  A prisoner's Due Process claim based on the deprivation of his personal property is not actionable under 42 U.S.C. § 1983 unless there is no adequate post deprivation remedy available. *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Harris v. McMullen*, 609 F. App'x 704, 705 (3d Cir. 2015).  Because Delaware provides an adequate remedy by filing a common law claim for conversion of property, Plaintiff cannot maintain a cause of action pursuant to § 1983.  *Harris*, 609 F. App'x at 705.  The Court recommends these claims be dismissed with prejudice. *See Jones v. Calloway*, No. 20-1542-CFC, 2022 WL 1016399, at *7 (D. Del. Apr. 5, 2022).

6

Accordingly, the Court orders that service proceed as to Officer Gibson on Plaintiff's disciplinary hearing Due Process claim and First Amendment Retaliation claim. The Court recommends that the Plaintiffs personal property claims and classification claims be dismissed with prejudice. The Court further recommends that the remaining claims and defendants be dismissed without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS the following:

1.    Having identified what appear to be cognizable and non-frivolous Due Process and First Amendment Retaliation claims pursuant to 42 U.S.C. § 1983 within the meaning of 28 U.S.C. § 1915A(b) and§ 1915(e)(2)(B) against Officer Gibson, the Clerk of Court shall notify the Delaware Department of Correction ("DDOC") and the Delaware Department of Justice ("DDOJ") of Service Order. As an attachment to this Order, the Clerk of Court shall serve an electronic copy of the Complaint (D.1. 1) on the DDOC and the DDOJ. The Court requests that DDOC Defendants waive service of summons.

2.    Defendants shall have ninety (90) days from entry of this Service Order to each file a Waiver of Service Executed and/or a Waiver of Service Unexecuted. Upon the electronic filing of the Waiver of Service Executed, Defendants shall have sixty (60) days to answer or otherwise respond to the pro se Complaint.

3.    In those cases where a Waiver of Service Unexecuted is filed, the DDOC and/or DDOJ shall have ten (10) days from the filing of the Waiver of Service Unexecuted, to supply the Clerk of Court with the last known forwarding address for any former employee who does not agree to waive service, said address to be placed under seal and used only for the purpose of attempting to effect. service in the traditional matter.

Additionally, the Court RECOMMENDS the following:

4.      That the Plaintiffs personal property claims and classification claims be dismissed with prejudice.

5.      That the remaining defendants and claims be dismissed without prejudice for failure to state a claim.

***

Plaintiff may file objections to this Order and Report and Recommendation within fourteen (14) days after being served with a copy of the Order and Report and Recommendation. *See* Fed. R. Civ. P. 72(a) & (b)(2); *see also* Fed. R. Civ. P. 6(d). Objections are limited to seven (7) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

This Order and Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(A) & (B), Federal Rule of Civil Procedure 72(a) & (b) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: July 29, 2026

_____
United States Magistrate Judge